IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **KEITH L. BARTELL,**<br><br>                   Petitioner,<br><br>vs.<br><br>**UNITED STATES OF AMERICA,**<br><br>                   Respondent. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No.  2:06CV1036 DAK |

      This matter is before the court on pro se Petitioner Keith L. Bartell's ("Petitioner") pro se Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.  On September 6, 2005, Petitioner pleaded guilty to violating 18 U.S.C. § 2113(a) (Bank Robbery).  Petitioner acknowledged in his Statement in Advance of Plea that he understood that the maximum possible penalty provided for the offense was a term of imprisonment of up to twenty (20) years.  On December 6, 2005, Defendant filed an Objection to his Presentence Report, arguing that the court should remove him from the Career Offender category.  Alternatively, he requested the court grant a downward departure.  On January 4, 2006, the court overruled his objections, denied his motion for a downward departure, and sentenced Petitioner to 151 months in prison and 36 months of supervised release.

      Petitioner has now timely filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 USC § 2255.   In his motion, Petitioner claims that his sentence was illegal

1

(presumably because he was sentenced as a career offender) and that his counsel failed to appeal the sentence, after purportedly telling Petitioner that he would file an appeal.  Thus, Petitioner claims that his counsel was ineffective.

Petitioner, however, signed the Statement in Advance of Plea and acknowledged that he understood its contents.  The Statement in Advance of Plea states that it is the full agreement between the parties.  It also states that the maximum penalty for Petitioner's crime is twenty years  and that the judge is not bound by any of the recommendations made by the parties.

The fact that he did not know or did not accept the fact that his sentence could be enhanced due to the fact that he was a career offender does not render his plea involuntary or unknowing. *See e.g.*, *United States v. Gaitan*, 954 F.2d 1005, 1011 (5th Cir. 1992) (it not an abuse of discretion for a district court to deny a request  withdraw a guilty plea that is based on the defendant's claim that he was unaware of the possible application of a career offender enhancement to his sentence prior to the entry of his guilty plea); *see also United States v. Pearson* 910 F.2d 221, 223 (5th Cir. 1990) (although the defendant was not informed, prior to entry of his plea, of the applicability of a career offender enhancement, his guilty plea which resulted in a twenty-year sentence was not involuntary, where the court had informed defendant prior to accepting his plea that he faced a maximum prison term of twenty years, and the presentence investigation report concluded that defendant qualified as a career offender and recommended that the enhancement be applied).

In addition, Petitioner's ineffective assistance claim lacks merit.  Petitioner apparently believes that his counsel's failure to appeal the "career offender" categorization was prejudicial.  To establish a claim for ineffective assistance of counsel, a petitioner must show: "(1) his

counsel's performance was constitutionally deficient, and (2) his counsel's deficient performance was prejudicial." *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995); *United States v. Glover*, 97 F.3d 1345, 1349 (10th Cir. 1996) (applying standard to sentencing proceedings and plea hearings).  Petitioner has not satisfied either of these prongs.  Petitioner has not demonstrated–and there is no basis in the record for concluding–that counsel's failure to appeal the career offender enhancement was constitutionally deficient or prejudicial.  There is no reason to believe that there was any basis upon which an appeal of that issue would have been successful.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is DENIED.

DATED this 31st day of August, 2007.

BY THE COURT:

DALE A. KIMBALL
United States District Judge